

The following constitutes
the order of the court. Signed March 07, 2011

_____
Stephen L. Johnson
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>MARIA F. LEE,<br>      Debtor. | Case No. 08-56327 SLJ<br>Chapter 7 |
| JANET REDD,<br>    Plaintiff,<br>v.<br>MARIA LEE,<br>    Defendant. | A.P. No. 09-5033 SLJ |

**MEMORANDUM DECISION**

**I.        INTRODUCTION**

Plaintiff Janet Redd ("Plaintiff") filed a Motion for Summary Judgment against Debtor-Defendant Maria Lee ("Defendant") to determine the non-dischargeability of a debt under 11 U.S.C. § 523(a)(6) and to object to her discharge under 11 U.S.C. § 727(a). Plaintiff, however, only moves

MEMORANDUM DECISION -1-

for summary judgment on the § 523(a)(6) claim, arguing that a state court judgment against Defendant for intentional infliction of emotional distress collaterally estops Defendant from relitigating the issue of whether Defendant caused "malicious and willful injury" to Plaintiff.

After reviewing the pleadings and the record, having heard oral argument, this court grants summary judgment in favor of Plaintiff.

## II. FACTS[1]

Plaintiff filed a lawsuit on July 30, 2007, in Santa Clara County Superior Court against Defendant for intentional infliction of emotional distress.[2] Plaintiff alleged that Defendant made a series of harassing and intimidating phone calls to Plaintiff, causing her emotional distress. The Superior Court conducted a jury trial. Both parties had counsel. On September 11, 2008, following trial, the jury returned a verdict in Plaintiff's favor. It issued a special verdict (the "Special Verdict") with the following findings:

    (1)    Defendant's conduct was outrageous;

    (2)    Defendant intended to cause Plaintiff emotional distress;

    (3)    Plaintiff suffered severe emotional distress;

    (4)    Defendant's conduct was a substantial factor in causing Plaintiff severe emotional distress; and

    (5)    Plaintiff's damages are $505,001, consisting of $5,000 for past non-economic losses, including physical pain and mental suffering; $1 for future non-economic losses, including physical pain and mental suffering; and $500,000 for punitive damages.

Defendant filed her petition under Chapter 7 on November 3, 2008, before a judgment could be entered. Plaintiff filed her Complaint to Determine Dischargeability and Objection to Discharge (11 U.S.C. §§ 523(a)(6), and § 727(a)) (the "Complaint") on February 3, 2009, before any judgment could be entered in the Superior Court. Plaintiff moved for relief from stay in this court to finalize the results in the Superior Court. On June 1, 2009, the Superior Court entered the judgment (the

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

[2] Plaintiff's state court action consisted of multiple causes of action against multiple defendants. However, the cause of action for intentional infliction of emotional distress was only against Defendant personally.

Case: 09-05033 Doc# 71 Filed: 03/07/11 Entered: 03/07/11 15:55:31 Page 2 of 10

"Judgment") against Defendant.[3] It states:

> It appearing that by reason of this special verdict that plaintiff Dr. Janet F. Redd is entitled to judgment against defendant Maria Lee for intentional infliction of emotional distress, for damages and for costs of suit,
>
> Now, therefore, it is further adjudged, ordered, and decreed that plaintiff Dr. Janet F. Redd recover from defendant Maria Lee individually the sum of $505,001.00 in damages plus plaintiff's costs of suit.

Plaintiff filed a Memorandum of Costs on June 11, 2009, claiming total costs of $513,144.70. Defendant did not appeal the Judgment.

### III. DISCUSSION

#### A. Summary Judgment Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Fed. R. Bankr. P. 7056 (establishing that Rule 56 applies to adversary proceedings).

An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the non-moving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. *Id.* at 256-57. The court must view all of the evidence in the light most favorable to the non-moving party. *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The court "generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Agosto v. INS*, 436 U.S. 748, 756 (1978). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

---

[3] Under the *Rooker-Feldman* doctrine, this court cannot review the decisions made by a state court. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

B. <u>Collateral Estoppel Standard</u>

The principles of collateral estoppel, or issue preclusion, apply to 11 U.S.C. § 523(a) proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 & n.11 (1991). To determine the preclusive effect of a state court judgment in a subsequent federal lawsuit, federal courts refer to the preclusion laws of the state in which the judgment was rendered. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (citing 28 U.S.C. § 1738). This court must look to California's law on collateral estoppel. Under California law, collateral estoppel applies when these elements are met:

(1) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;

(2) The issue must have been actually litigated in the former proceeding;

(3) It must have been necessarily decided in the former proceeding;

(4) The decision in the former proceeding must be final and on the merits; and

(5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (BAP 9th Cir. 1995) (noting that the elements of collateral estoppel are the same under either California or federal law); *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990).

The party seeking to apply collateral estoppel has the burden of proving that each element is satisfied. *Kelly*, 182 B.R. at 258. To sustain this burden, the party must introduce a record sufficient to show the controlling facts and pinpoint the exact issues litigated in the previous action. *Id.* If any reasonable doubt exists as to what was decided by a prior judgment, the court will weigh that against applying collateral estoppel. *Id.*

C. <u>The Elements of a Cause of Action for Intentional Infliction of Emotional Distress Are Substantively Equivalent to What Must be Proven Under in a § 523(a)(6) Proceeding</u>

To determine whether the Judgment is entitled to collateral estoppel effect, the court must first determine whether the cause of action for intentional infliction of emotional distress is similar

enough to the Bankruptcy Code's § 523(a)(6) standard for collateral estoppel to apply.[4] If collateral estoppel applies, Defendant is precluded from rearguing any material issues of fact, and summary judgment can be entered for Plaintiff.

Section 523(a)(6) bars an individual from receiving a discharge of a debt resulting from "willful and malicious injury." Under § 523(a)(6), the "willful" and "malicious" requirements are considered independently. *Barboza v. New Form, Inc. (In re Barboza),* 545 F.3d 702, 706 (9th Cir. 2008). A "willful" injury is a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). An act falls within § 523(a)(6) only if the act is "done with the actual intent to cause injury." *Id.* This requirement is satisfied when "either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir. 2001). A "malicious" injury involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Jercich*, 238 F.3d at 1209 (quoting *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791 (9th Cir. 1997)).

The state court cause of action was intentional infliction of emotional distress. In California, that cause of action requires proof that: (1) the defendant's conduct was outrageous, (2) the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and (3) the plaintiff's severe emotional suffering, and was (4) actually and proximately caused by defendant's conduct. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004); *accord Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

   1.   <u>Defendant's Conduct was Wrongful</u>

Intentional infliction of emotional distress is a tort under California law. "Wrongful

---

[4] A 1997 decision from this district determined that "A properly plead claim for intentional infliction of emotional distress provides the required elements of a nondischargeable debt under § 523(a)(6)." *Robinson v. Louie (In re Louie)*, 213 B.R. 754, 758 (Bankr. N.D. Cal. 1997). The *Louie* case predates the Supreme Court's decision in *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998), however, and later precedent from the Ninth Circuit. The court concludes it is worth re-examining the question here.

MEMORANDUM DECISION -5-

conduct" is defined as "[a]n act taken in violation of a legal duty; [or] an act that unjustly infringes on another's rights." BLACK'S LAW DICTIONARY 337 (9th ed. 2009). Tortious conduct under state law is necessarily wrongful. *See Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th Cir. 2008) ("[T]ortious conduct is a required element for a finding of nondischargeability under § 523(a)(6)."). The jury's verdict establishes Defendant committed a wrongful act.

### 2. Defendant's Conduct was Intentional

The jury found that Defendant acted outrageously and intended to cause Plaintiff emotional distress. It found her conduct was a substantial factor in causing Plaintiff emotional distress. To reach this conclusion, the jury necessarily decided that Defendant's wrongful act was done intentionally.

### 3. Defendant's Conduct Necessarily Caused Injury

The jury concluded that Defendant's conduct was a "substantial factor" in the severe emotional distress Plaintiff suffered. This is enough for the court to conclude Defendant's intentional act caused Plaintiff's injury.

### 4. Defendant's Intentional Acts Were Done Without Just Cause

The jury found Defendant liable for punitive damages and that finding supports a conclusion Defendant acted without just cause. Punitive damages are only available under limited circumstances. California Civil Code § 3294(a), the statutory authority for punitive damages, states:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code § 3924(a). Section 3294(c) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." It defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." The jury also Defendant's conduct "outrageous." Conduct is outrageous when it

MEMORANDUM DECISION -6-

is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

Courts interpreting § 523(a)(6) have found that "outrageous" conduct can sustain a finding of "malicious" conduct under § 523(a)(6). *See Jercich*, 238 F.3d at 1209 (finding that defendant had no just cause and that the state court's finding of oppression under California Civil Code § 3294 was sufficient to show that injury was "malicious" under § 523(a)(6)); *Krishnamurthy v. Nimmagadda (In re Krishnamurthy)*, 209 B.R. 714, 721, 722 (BAP 9th Cir. 1997) (noting that the terms "malice" and "oppression" are used interchangeably without any distinction by California courts; and finding that malice or oppression satisfies § 523(a)(6)).

The jury awarded Plaintiff punitive damages, which means it concluded Defendant's conduct was either malicious or oppressive, or both. It found Defendant acted outrageously. The court can find Defendant's conduct was intentional and without just cause, as § 523(a)(6) requires, based on those conclusions.

### 5. Defendant Intended to Cause Injury

The jury found that Defendant intended to cause Plaintiff emotional distress, and that her actions were a substantial factor in Plaintiff's severe emotional distress.

### D. Matters Actually Litigated and Necessarily Decided

Collateral Estoppel applies when a matter was actually litigated and necessarily decided. The Superior Court held a trial in the underlying case. Both parties had counsel at the trial. The jury's Special Verdict identifies the conclusions it made from the evidence presented. The court can conclude on this record that the elements of the § 523(a)(6) claim were actually litigated and necessarily decided in the Superior Court.

### E. The State Court Judgment is Final and The Parties Are Identical

The last two requirements for collateral estoppel have been established. The state court Judgment is final and on the merits. A jury found Defendant liable for intentional infliction of emotional distress, a judgment was entered against Defendant, and Defendant did not appeal the Judgment within the required period. Thus, the fourth element is met. Also, Defendant here is the

MEMORANDUM DECISION -7-

same defendant in the state court proceeding (at least for the intentional infliction of emotional distress claim), satisfying the fifth requirement.

F. Damages and Attorney's Fees

Collateral estoppel can be invoked as to the amount of the debt owed by Defendant. *See Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 872 (9th Cir. 2005) ("The classic example of the proper use of issue preclusion in discharge proceeding is when the amount of the debt has been determined by the state court and reduced to judgment."). Punitive damages may fall within the scope of "any debts" under § 523(a). *See Cohen v. De La Cruz*, 523 U.S. 213, 220-21 (1998) (interpreting "any debt for" fraud under § 523(a)(2)(A) to mean any liability arising from or on account of debtor's fraud, including a treble damages award for the fraud).

The jury found damages against Defendant for intentional infliction of emotional distress in the amount of $505,001.00, consisting of past and future non-economic losses and punitive damages. The state court entered a Judgment for this amount and costs of suit and that Judgment is now final. Defendant is therefore precluded from arguing this amount of debt.

The costs and attorney's fees that Plaintiff prays for in this proceeding, however, are not a part of the debt arising from the willful and malicious injury. The award for costs of a suit may include attorney's fees when authorized by contract, statute or law. Cal. Civ. Proc. Code § 1033.5(a)(1). Plaintiff claims that attorney's fees were awarded based on California Welfare & Institutions Code § 15657, which allows the award of attorney's fees when a defendant is found liable for elder abuse. While the state court did award attorney's fees in the Judgment, that award was for a different cause of action (elder abuse) against a different defendant (the estate of Defendant's husband), not against Defendant personally for intentional infliction of emotional distress. The costs of $513,144.70 for attorney's fees cannot be included in the non-dischargeability judgment.

**IV. CONCLUSION**

Plaintiff is entitled to judgment as a matter of law in the amount of $505,001.00. The debt is non dischargeable under 11 U.S.C. § 523(a)(6). Plaintiff indicated the 11 U.S.C. § 727(a) claim

MEMORANDUM DECISION -8-

would not be pursued if she obtained judgment under § 523(a)(6), so that cause of action is dismissed.

Plaintiff should upload an order consistent with this disposition in the ECF system.

<u>Court Service List</u> [by mail and ECF]

Julie H. Rome-Banks
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050

Maria F. Lee
2600 Senter Road, #18
San Jose, CA 95111-9353